UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SUSAN L. LEAMAN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    16-cv-6057 |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA | ) |
|     Defendant. | ) |

## **COMPLAINT SEEKING RECOVERY OF DISABILITY BENEFITS**

COMES NOW Plaintiff, Susan L. Leaman, and for her claims and causes of action against Defendant, Unum Life Insurance Company of America, states:

### PARTIES

1. Susan L. Leaman ("Leaman") is a resident of the State of Missouri.

2. Unum Life Insurance Company of America ("Unum") is an out of state insurance company authorized to do business in the State of Missouri.

3. Leaman seeks recovery on her claim for Long Term Disability ("LTD") benefits contracted with Unum, Policy Number 526747 and Claim Number 10470467 under a group employment disability insurance contract provided through employer BCD Travel USA, LLC.

4. Leaman brings this action seeking judgment for all unpaid and accrued benefits, an order that benefits be paid, together with her attorney fees, interest, and costs.

1

## JURISDICTION AND VENUE

5. Leaman's claims are filed pursuant to 29 U.S.C. § 1001 et. seq. This dispute is governed by the Group Insurance Policy and applicable federal law regarding employer provided LTD benefits. 29 U.S.C. §1132 (e)(1).

6. Venue lies in the Western District of Missouri due to 29 U.S.C. § 1132(e)(2) because the breach occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## STATEMENT OF FACTS

7. At all times relevant, Leaman was an employee of BCD Travel USA, LLC.

8. The Group Insurance Policy provides welfare benefits as defined under the Employee Retirement Income and Security Act ("ERISA").

9. Unum operated as the claims fiduciary for the benefits provided under the Group Insurance Policy.

10. Unum processed the claims of the Group Insurance Policy, made all determinations for benefits under the Policy, and administered the payment of benefits.

11. Unum is a fiduciary within the meaning of 29 U.S.C. § 1001, et. seq. It is subject to the duties and liabilities set forth in 29 U.S.C. §§ 1104, 1105, and 1109.

12. Leaman has been unable to work successfully from December 10, 2014 through this date.

13. Shortly after Leaman's date of disability, Unum approved her application for Short Term Disability benefits. Those benefits expired no later than March 17, 2015.
14. On May 28, 2015, Unum informed Leaman that her conditions did not meet the definition of Disability under the insurance contract. Unum stated that there was not sufficient documentation supporting her complaints.
15. On November 16, 2015 Leaman appealed the termination of benefits. On February 10, 2016, Defendant upheld its decision to deny benefits. She has exhausted her administrative remedies.
16. Leaman is Disabled as defined by the insurance contract. Solely because of her sickness or injury, she not able to perform the material and substantial duties of her regular occupation. She is also not able perform, with reasonable continuity, the material and substantial duties of any gainful occupation.
17. Leaman is not able to perform the material and substantial duties of her regular occupation or any occupation from conditions, diagnosed and otherwise, including but not limited to: fibromyalgia, chronic fatigue syndrome, sleep apnea, depressive disorder, and anxiety disorders.
18. Disabling symptoms include but are not limited to: chronic pain, chronic fatigue, difficulties with ambulation, anxiety, depression, joint tenderness, brain fog, insomnia, difficulties concentrating, and other side effects from prescribed medications.

19. Leaman's conditions and impairments prevented her from returning to work. Medical records demonstrate that she is not able to perform the material and substantial duties of her regular occupation, nor is she able to perform the material and substantial duties of any gainful occupation.
20. Leaman remains Disabled as defined in the contract.
21. Leaman is and at all times has been a Covered Person and beneficiary under the plan and policy.
22. ERISA §502(a)(1)(B) permits participants and beneficiaries to maintain a civil action to recover benefits from a benefit plan, to enforce rights under the terms of a plan, and to clarify rights to future benefits under the terms of a plan.
23. Leaman is entitled to recover all unpaid and accrued benefits since the termination of benefits, as Unum:
    a. Failed to provide a full and fair review,
    b. Made an unfavorable decision without substantial evidence,
    c. Mischaracterized Leaman's complaints, abilities, and functional limitations,
    d. Mischaracterized medical records and opinions,
    e. Terminated benefits without demonstrating substantive evidence of medical improvement,
    f. Failed to properly consider and assess all well supported medical opinions,
    g. Made an unfavorable decision that was arbitrary and capricious.

24. Benefits are due from March 17, 2015 through this date at the rate of approximately $1953.94 per month until judgment is rendered in this cause.

25. Leaman is being denied LTD benefits in an ongoing basis in the minimum amount of $1,953.94 per month.

26. As of May 16, 2016, unpaid benefits total $27,355.16.

27. Leaman is entitled to attorney fees and costs of this action pursuant to 29 USC §1132(g)(1).

28. Leaman is entitled to prejudgment interest on all past due LTD benefits pursuant to 29 U.S.C. § 1132(a)(3)(B)(i).

29. Unum breached its fiduciary duty to Leaman by placing its financial interests, reducing its expenses and increasing its profitability, above Leaman's interests to receive disability benefits.

## INFORMATION REGARDING TRIAL

30. No jury trial is allowed under the ERISA law.

## PRAYER FOR RELIEF

WHEREFORE Leaman prays that the Court grant the following relief:

A.  Declare that Unum has violated the terms of the Group Insurance Policy by failing to pay Leaman LTD benefits;

B.  Order appropriate equitable relief to redress Unum's breach of fiduciary duty;

C.  Grant Leaman judgment against Unum in the amount of all LTD benefits accrued together with pre-judgment interest, through the date judgment is entered herein;

D.  Award Leaman reasonable attorney's fees and the costs of this action;

E.  Order Unum to reinstate and pay Leaman future LTD benefits pursuant to the terms of the Group Insurance Policy from the date judgment is entered herein; and

F.  Provide such other relief as the Court deems equitable and just.

BURNETT & DRISKILL, Attorneys

By: /s/ Kyle H. Sciolaro
Kyle H. Sciolaro #64568
19 N. Water St.
Liberty, MO 64068
P: 816.781.4836
F: 816.792.3634
ksciolaro@ss-disabiilty.com

By: /s/ Roger M. Driskill
Roger M. Driskill #24709
19 N. Water St.
Liberty, MO 64068
P: 816.781.4836
F: 816.792.3634
rmdriskill@ss-disabiilty.com

ATTORNEYS FOR LEAMAN

6